**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
**1300 Mount Kemble Avenue**
**P.O. Box 2075**
**Morristown, New Jersey 07962**
**(973) 993-8100**
**(973) 425-0161 (fax)**
**Attorneys for Defendant,**
**Metropolitan Life Insurance Company**

By: _____
         Randi E. Knepper

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN D'ORAZIO,<br><br>               Plaintiff,<br><br>   v.<br><br>**METROPOLITAN LIFE INSURANCE**<br>**COMPANY,**<br><br>               Defendant. | Civil Action No.: |

**CIVIL ACTION – NOTICE OF REMOVAL**

    **PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant, Metropolitan Life Insurance Company ("MetLife") petition this Honorable Court, pursuant to 28 U.S.C. § 1441, *et seq.*, removing to the United States District Court for the Eastern District of New York, a matter instituted in the Supreme Court of the State of New York, County of Richmond, bearing Index No. 150840/2016.

    **PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been

filed with the Supreme Court of the State of New York, County of Richmond, thereby effectuating removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effectuating the removal of this civil action, MetLife reserves its rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, without limitation, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, MetLife relies upon the following:

1.     On or around July 13, 2016, a Summons and Complaint were filed on behalf of John D'Orazio ("D'Orazio") in the Supreme Court of the State of New York, County of Richmond, and assigned an index number of 150840/2016.

2.     The Summons and Complaint, along with a Notice Regarding Availability of Electronic Filing Supreme Court Cases, were served upon MetLife on August 23, 2016. Attached hereto as Exhibit A is a copy of the Notice Regarding Availability of Electronic Filing Supreme Court Cases, Summons and Complaint which constitutes all process, pleadings and/or orders received by MetLife to date.  Accordingly, MetLife first had knowledge of this suit and the basis for the removal of this action on August 23, 2016, when it received the Notice Regarding Availability of Electronic Filing Supreme Court Cases, Summons and Complaint annexed hereto as Exhibit A.  Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) of MetLife's first receipt of the Notice Regarding Availability of Electronic Filing Supreme Court Cases, Summons and Complaint.

3.     By way of the Complaint, D'Orazio alleges that his sister, Carol Ann Piscina (the "Decedent") "as a benefit of employment with Jones Lang LaSalle... was afforded Basic Life and Personal Accident Insurance through MetLife." (Complaint, ¶ 5).  The Complaint further

alleges that the Decedent died on December 13, 2015 (Complaint, ¶ 8).  The Complaint further alleges, as a result of her death, D'Orazio submitted a claim for benefits (Complaint, ¶ 14), and that his claim for benefits was denied based upon the termination of Decedent's employment and coverage under the policy (Complaint, ¶ 15).  By way of the Complaint, D'Orazio seeks life insurance benefits in the amount of $65,000.00, plus applicable interest (Complaint, ¶¶ 24-25).

4.      D'Orazio is seeking life insurance benefits under the Jones Lang LaSalle basic life and personal accident insurance plan (the "Plan").  The life and accidental death benefits provided by the Plan are funded by a group policy of insurance issued by MetLife to Jones Lang LaSalle.  The Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*.

5.      Although not alleged in the Complaint, any action against MetLife would "relate to" the Plan and consequently, be governed by ERISA.  This Court has original jurisdiction because this matter relates to "a claim or right arising under the laws of the United States."  28 U.S.C. § 1441(b).  ERISA vests the district courts of the United States with original jurisdiction over civil actions claiming entitled to ERISA-regulated plan benefits.  29 U.S.C. § 1132(e).  Moreover, the United States Supreme Court has mandated that suits to recover benefits from ERISA-regulated plans, such as this one, fall directly under ERISA, which provides "an exclusive federal cause of action for resolution of such disputes."  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987).  The Court's rationale applies to causes of action plead solely as state law claims, even without reference to ERISA on the face of the complaint because Congress "so completely pre-emp[ted this]… particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Id*. at 63-64, 67.  *See also*, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

6.     Given the applicability of ERISA, pursuant to 29 U.S.C. § 1132(e), United States district courts are provided with subject matter jurisdiction over all actions for, *inter alia*, benefits provided under employee welfare benefit plans, including the Plan made the subject of the action instituted by D'Orazio.  Furthermore, pursuant to 29 U.S.C. § 1144, the terms and provisions of ERISA totally preempt all state causes of action, which are asserted in the complaint.  Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and (b). *See*, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7.     The instant Notice of Removal is filed within thirty (30) days of MetLife's receipt of a copy of the initial pleading setting forth the claim for relief against it upon which the instant action is based.  The time for filing this notice of removal under 28 U.S.C. § 1446(b) has not expired.

8.     This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).  Moreover, this Court maintains supplemental jurisdiction over all other causes of action and proceedings pursuant to 28 U.S.C. § 1367.

DATED:  September 14, 2016

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendant,
Metropolitan Life Insurance Company

By: _____
Randi F. Knepper

3171028_1

# EXHIBIT "A"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** RICHMOND
-----------------------------------------------------------------x

JOHN D'ORAZIO

                    Plaintiff/Petitioner,

     - against -

METROPOLITAN LIFE INSURANCE COMPANY

                Defendant/Respondent.
-----------------------------------------------------------------x

Received

*Service accepted by Brian Kehoe on 8/23/16*

AUG 23 2016

Law Department - Litigation

Index No. 150840/2016

### NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### SUPREME COURT CASES

    PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as allowed by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

    NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

    The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

    **1) Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

    **2) Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented litigant may consent to participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 7/13/16

_____
Signature

Allyn J. Crawford, Esq.
_____
Name

Crawford Bringslid Vander Neut, LLP
_____
Firm Name

900 South Avenue, Suite 204
_____
Address

Staten Island, New York 10314
_____

718-273-9414
_____
Phone

718-273-9418
_____
E-Mail

To:   Metropolitan Life Insurance Company
_____

Two Teleport Drive
_____

Staten Island, New York 10311
_____

9/3/15

Index No.                          Page 2 of 2                          EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------X
JOHN D'ORAZIO,

               Plaintiff,

   -against-

METROPOLITAN LIFE INSURANCE COMPANY,

               Defendant.
------------------------------------------------------------------X

Index No.: *150840/2016*

**SUMMONS**

*date purchased: 7/13/16*

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Defendant's place of business.

Dated: Staten Island, New York
      July 12, 2016

        CRAWFORD·BRINGSLID·VANDER NEUT LLP

        Mara R. Levy, Esq.
        Attorneys for Plaintiff
        900 South Avenue, Suite 204
        Staten Island, New York 10314
        718-273-9414

① 200 PARK Avenue
Mezzanine Level
New York, NY 10166

② 1095 Sixth Ave
New York, NY 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------x
JOHN D'ORAZIO, individually and is
his capacity as EXECUTOR of the
ESTATE OF CAROL ANN PISCINA,

                Plaintiff,

      -against-

METROPOLITAN LIFE INSURANCE COMPANY,

              Defendant.
-------------------------------------------------------------------x

**COMPLAINT**

Index Number: *150840/2016*

      Plaintiff John D'Orazio, individually, and in his capacity as Executor of the Estate of Carol Ann Piscina, ("Plaintiff") by and through his attorneys, Crawford·Bringslid·Vander Neut, LLP, as and for his complaint as against defendant Metropolitan Life Insurance Company, ("MetLife"), hereby alleges as follows:

## THE PARTIES

     1.    At all timed herein mentioned, plaintiff JOHN D'ORAZIO ("Plaintiff" or "D'Orazio") was and is a natural person residing in the State of New York, County of Richmond.

     2.    Upon information and belief, at all times herein mentioned, defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife") was a corporation organized and existing under the laws of New York, with a place of business located at Two Teleport Drive, Staten Island, New York, 10311, and is authorized to transact insurance business in the State of New York.

1

## JURISDICTION

3.      This case arises out of business transacted in the City and State of New York, County of Richmond, and concerns the issuance of a group life insurance policy to Plaintiff's sister, Carol Piscina by MetLife beginning in 2014.  As such, this Court has jurisdiction over this action.

## FACTS COMMON TO ALL CAUSES OF ACTION

4.      In 2014, Plaintiff's sister, Carol Ann Piscina ("Ms. Piscina"), began her employment with Jones Lang LaSalle.

5.      Upon information and belief, as a benefit of employment with Jones Lang LaSalle, Ms. Piscina was afforded Basic Life and Personal Accident Insurance through MetLife ("Life Insurance" or the "Policy").

6.      While employed with Jones Lang LaSalle, Ms. Piscina began suffering from and was diagnosed with pancreatic cancer.

7.      As a result of the severity of her illness, Ms. Piscina was forced to take a leave of absence from work to receive chemotherapy and other medical treatments.

8.      On December 13, 2015, Ms. Piscina died.

9.      Pursuant to Ms. Piscina's Last Will and Testament, Plaintiff was appointed as the Executor of Ms. Piscina's Estate.

10.      On or around December 31, 2015, Plaintiff, who in addition to being the Executor of Ms. Piscina's estate, is also her brother, properly arranged for all of Ms. Piscina's mail to be forwarded by the United States Post Office to Plaintiff's home address.

11.     Further, Plaintiff filed Ms. Piscina's Last Will and Testament with the Surrogates Court of Richmond County.

12.     In or around January of 2015, Plaintiff discovered the existence of Ms. Piscina's Policy. Thereafter, Plaintiff contacted Defendant to inquire about same.

13.     During Plaintiff's phone conversation with Defendant, Defendant notified Plaintiff that Ms. Piscina had no beneficiary designation form on file to whom Defendant could forward payment of the $65,000 policy proceeds (the "Proceeds" or the "Policy Proceeds").

14.     As such, and pursuant to MetLife's directive, Plaintiff, as Ms. Piscina's Executor and as her only surviving lineal heir, completed the claimant's affidavit, a form provided by MetLife. Thereafter, Plaintiff filed same as part of a claim for payment of the Policy Proceeds.

15.     In March of 2016, MetLife denied Plaintiff's claim to the Policy Proceeds based on MetLife's representation that Ms. Piscina was allegedly terminated by Jones Lang LaSalle in October of 2015, and as such, the Policy coverage was also allegedly terminated in October of 2015.

16.     MetLife further premised its denial of payment based on Ms. Piscina's alleged failure to convert Policy from the Jones Lang LaSalle Group Policy to a personal policy prior to her death.

17.     MetLife also represented to Plaintiff that MetLife did not send Ms. Piscina the notice of cancellation of the policy and an option to convert until February of 2016, two months after Ms. Piscina's death.

18.     As Defendant did not forward the Notice to Convert until February of 2016, it was literally impossible for Ms. Piscina to convert the Policy prior to her passing.

19.     Further, Plaintiff, as the recipient of Ms. Piscina's forwarded U.S. Mail as of December 31, 2015, never received MetLife's Notice of Conversion at any time to date.

20.     In April of 2016, Plaintiff's counsel sent MetLife a follow-up letter stating all of the facts and circumstances cited herein, and requesting that MetLife reconsider the denial of the payment under the Policy.

21.     In May of 2016, MetLife sent Plaintiff's counsel a letter upholding the denial of the claim.

## AND FOR A FIRST CAUSE OF ACTION

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "21" as if set forth more fully at length herein.

23.     Under the terms of the Policy, upon Ms. Piscina's death, Defendant is required to forward the Policy Proceeds to the insured's beneficiary, or in the case of no beneficiary, to the Executor of Ms. Piscina's estate.

24.     As Plaintiff is the Executor of Ms. Piscina's Estate, and her only surviving lineal heir, at Defendant's direction, Plaintiff filed all the requisite paperwork attendant with submitting a claim to recover the Policy Proceeds, and accordingly, Defendant is liable to Plaintiff for the Policy Proceeds.

25.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but no less than $65,000.00, plus any applicable increases pursuant to the Policy, together with interest thereon.

4

## AS AND FOR A SECOND CASUE OF ACTION

26.    Plaintiff repeats and reiterates each and every allegation contained in paragraph "1" through "25" as if set forth more fully at length herein.

27.    Despite being duly demanded, and pursuant to the terms of the Policy, Defendant refuses to pay Plaintiff the Policy Proceeds due to Plaintiff.

28.    Defendants failure to remit the Proceeds constitutes a breach of the Policy.

29.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but no less than $65,000.00, plus any applicable increases pursuant to the Policy, together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION

30.    Plaintiff repeats and reiterates each and every allegation contained in paragraph "1" through "29" as if set forth more fully at length herein.

31.    Pursuant to the Policy, Defendant was required to send Ms. Piscina a notice of cancellation and/or notice of her option to convert the Policy.

32.    Defendant admits that it did not send Ms. Piscina a notice of cancellation and/or notice of her option to convert the Policy during her lifetime.

33.    Defendant's failure to send such notices constitute breaches of contract.

34.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but no less than $65,000.00, plus any applicable increases pursuant to the Policy, together with interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION

35.     Plaintiff repeats and reiterates each and every allegation contained in paragraph "1" through "34" as if set forth more fully at length herein.

36.     Defendant failed to send Ms. Piscina a notice of cancellation and/or notice of Ms. Piscina's option to convert the Policy during her lifetime.

37.     As such, Plaintiff prays for a declaratory judgment herein declaring that the Policy was not properly cancelled, and as such, remains in full force and effect.

**WHEREFORE**, Plaintiff demands judgment:

(a)    On the first cause of action, judgment in an amount to be determined at trial but not less than $65,000, plus any applicable increases pursuant to the Policy, together with interest thereon; and

(b)    On the second cause of action, judgment in an amount to be determined at trial but not less than $65,000, plus any applicable increases pursuant to the Policy, together with interest thereon; and

(c)    On the third cause of action, judgment in an amount to be determined at trial but not less than $65,000, plus any applicable increases pursuant to the Policy, together with interest thereon; and

(d)    On the fourth cause of action, a declaratory judgment declaring that Defendant's cancellation of the Policy was ineffective and the Policy is in full force and effect; and

(e)    costs, disbursements and fees associated with the prosecution of this action; and

(f)    such other and further relief as this Court shall deem just and proper.

Dated: Staten Island, New York
        July 12, 2016

Yours, etc.

CRAWFORD·BRINGSLID·VANDER NEUT, LLP

By:    _____
        Mara R. Levy, Esq.
        Attorneys for Plaintiff
        900 South Avenue, Suite 204
        Staten Island, New York 10314
        (718) 273-9414

7

Index No. _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

JOHN D'ORAZIO,

Plaintiff

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant

**SUMMONS & COMPLAINT**

Signature (Rule 130-1.1a)

Print name beneath - Allyn J. Crawford, Esq.

**CRAWFORD-BRINGSLID-VANDER NEUT, LLP**
Attorneys for Plaintiff
*Office and Post Office Address, Telephone*
900 South Avenue, Suite 204
STATEN ISLAND, NEW YORK 10314
(718) 273-9414
fax: (718) 273-9418

To

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within

Dated,

Yours, etc.,
**ALLYN J. CRAWFORD, ESQ.**

*Office and Post Office Address*

**CRAWFORD-BRINGSLID-VANDER NEUT, LLP**
900 South Avenue, Suite 204
Staten Island, New York 10314

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

Dated,

Yours, etc.,
**ALLYN J. CRAWFORD, ESQ.**

*Office and Post Office Address*
**CRAWFORD-BRINGSLID-VANDER NEUT, LLP**
900 South Avenue, Suite 204
STATEN ISLAND, NEW YORK 10314

To

Attorney(s) for